| | |
|---|---|
| BRIAN E. SAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>Defendants. | Case No. 1:21-cv-01062-EPG<br><br>ORDER DENYING MOTION TO PERMIT JOINDER OF ACTIONS<br><br>(ECF No. 10) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff Brian Saylor ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 15, 2021, Plaintiff filed a motion requesting joinder of this case with *Saylor v. Torres, et al.,* Case No. 1:20-cv-01631-DAD-JLT (the "Torres Action"). (ECF No. 10.) The motion explains that "plaintiff has filed two actions severally, within this court, whose relief might be joined." (*Id.*) Plaintiff requests that "all parties be relieved from the added burden of pleading two actions severally when they appropriately might instead be joined by cause of action." (*Id.*)

The Court construes Plaintiff's motion as a motion to consolidate this case and the Torres Action.

///

///

1

Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

The decision of whether to consolidate cases under Rule 42 is within the broad discretion of the Court. *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) ("A district court generally has 'broad' discretion to consolidate actions."). In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. *Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

The Court will deny Plaintiff's motion. Plaintiff has not established that this case and the Torres Action involve common questions of law or fact. The Court's initial review of the complaints in the respective cases indicates that these cases do not involve the same or similar parties, claims, events, or issues. Therefore, there does not appear to be any judicial convenience resulting from consolidation of this case and the Torres Action.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Permit Joinder of Actions (ECF No. 10), construed as a motion for consolidation, is DENIED.

IT IS SO ORDERED.

Dated: **July 16, 2021**      /s/ Erin P. Group
UNITED STATES MAGISTRATE JUDGE