UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN E. SAYLOR,<br><br>        Plaintiff,<br><br>    v.<br><br>KATHLEEN ALLISON, et al.,<br><br>        Defendants. | Case No. 1:21-cv-01062-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 13)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

      Plaintiff Brian E. Saylor ("Plaintiff") is a state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on July 7, 2021. (ECF No. 1.) On August 13, 2021, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 12.) The Court gave Plaintiff thirty days to either: "a. File a First Amended Complaint; or b. Notify the Court in writing that he wants to stand on his complaint." (*Id.* at 11.)

      On August 20, 2021, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 13.) The Court has reviewed Plaintiff's First Amended Complaint and, for the reasons described in this order, will recommend that this action be dismissed.

///

1

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

The FAC names Kathleen Allison, Director at California Department of Corrections and Rehabilitation ("CDCR"), Ken Clark, Warden at California State Prison, Corcoran ("CSP-

2

Corcoran"), Raythel Fisher, Warden at Valley State Prison ("VSP"), and Heather Shirley, Warden at California State Prison—Wasco Reception Center ("Wasco") as defendants. Plaintiff alleges as follows in the FAC:

> Political violence is facilitating the torture of our Plaintiff. Reported extensively since county jail, c. 2016, with ten assaults within the Riverside County Jail System, including a folio forwarded to the U.S. Dept. of Homeland Security, is a loose-knit network of criminals having contact with the drug cartel operating from Indio and Riverside City. That loose-knit network shall be described as a "gang" within this complaint, having accumulated 3x the points used to verify 'Security Threat Groups' (STGs) under the Code of Regulations § 3387.2(b)[(1)-(3), (7), (8), (10)-(12)].
>
> Having reported the threat of violence, including the ten assaults from the county jail system, Plaintiff has been assaulted and battered by six gang members, on five separate occasions. Defendants must be held at fault for the injury, because the CDCR chain of command was appropriately observed and given the adequate time to implement their own scheme for relief. That effort subjected Plaintiff to five acts of physical violence, and Defendants had notice the clear and present threat of gang violence was evidence and also that the Plaintiff responsibly requested to be safely housed; fully exhausted. Instead he was forced to strike his door with a boot repeatedly, sometimes for hours, in the fruitless effort to alert the CDCR employees to the fact that he was being tortured, and subjected to intimidation.

Plaintiff was assaulted by the following inmates: Mr. Cervantes in 2018 and John Doe 1 in 2018 at Wasco; Mr. Taylor in 2021 at CSP-Corcoran; Mr. Woods in 2021, John Doe 2 in 2021, and John Doe 3 in 2021 at VSP. These six attacks were documented with the CDCR supervisors after the attacks took place. "Reporting and response appears not to be the issue, adequate corrections appears to be the issue, and the rate of violence has exploded." Plaintiff was issued a 115 citation for battery after throwing a cup of water on Mr. Woods in an effort to curb intimidation and harassment.

Plaintiff requests nominal relief, not to exceed $1, monetary relief totaling $900,000, and injunctive relief "to be reconciled with Defendant(s), to mandate appropriate authorities for CDCR supervisors."

**III.    SECTION 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an

3

action at law, suit in equity, or other proper proceeding for redress....
42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs*., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a

4

supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

## IV.   ANALYSIS OF PLAINTIFF'S CLAIMS

### A.  Failure to Protect

"[P]rison officials have a duty … to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833. To establish a failure to protect claim, the prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. *Id*. at 837. "'Deliberate indifference' has both subjective and objective components." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer,* 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Labatad,* 714 F.3d at 1160 (quoting *Farmer,* 511 U.S. at 847).

///

5

The Court notes that "[p]rison administration is a difficult and onerous task and courts have traditionally accorded a large degree of deference in cases involving the administration of state penal institutions." *Jimenez v. Diaz*, 2019 WL 5541372, at *4 (E.D. Cal. Oct. 28, 2019), *report and recommendation adopted*, 2020 WL 1911570 (E.D. Cal. Apr. 20, 2020) (citation omitted); *see also Turner v. Safley*, 482 U.S. 78, 85 (1987) (noting that prison officials are afforded widest latitude in cases involving the administration of state prisons). Accordingly, courts grant prison officials substantial deference with respect to housing determinations. *Villery v. California Dep't of Corr.*, 2020 WL 7651976, at *3 (E.D. Cal. Feb. 25, 2020).

The FAC does not identify which of his constitutional rights Plaintiff believes was violated. However, the FAC alleges that Plaintiff was subjected to gang violence and attacked by other inmates. Therefore, the Court construes the FAC as alleging a failure to protect claim.

Plaintiff alleges that he was attacked by six different inmates at Wasco, CSP-Corcoran, and VSP between 2018 and 2021, and that these attacks were documented with the CDCR supervisors. Plaintiff also alleges that he requested to be safely housed. However, Plaintiff does not explain exactly what he reported, to whom, what that person's response was, or what Defendants could or should have done to protect Plaintiff. (*See* ECF No. 13.) Plaintiff does not allege any facts indicating that any of the Defendants knew that Plaintiff would be subjected to an excessive risk of harm or that they disregarded that risk. Accordingly, the Court finds that Plaintiff has failed to state a cognizable failure to protect claim.

### B. Supervisory Liability

As noted above, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle*, 607 F.2d at 862; *Mosher*, 589 F.2d at 441. A plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights'

and is 'the moving force of the constitutional violation." *Hansen*, 885 F.2d at 646 (citations and internal quotation marks omitted); *Taylor*, 880 F.2d at 1045.

The FAC names Kathleen Allison, Director of CDCR, and Ken Clark, Rathel Fisher, and Heather Shirley, the Wardens of CSP-Corcoran, VSP, and Wasco, respectively, as defendants. Plaintiff does not allege that any of these Defendants personally participated in the alleged failure to protect. Plaintiff also does not allege that they implemented an unconstitutional policy. Instead, Plaintiff generally alleges that the defendants "had notice the clear and present threat of gang violence was evident" and "the rate of violence has exploded." (*See* ECF No. 13.) However, these allegations are conclusory and are not supported by any factual detail. To state a claim, a complaint must contain sufficient factual detail for the Court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678; *See also Krainskin v. Nev. Ex rel. Bd. Of Regents of Nev. Sys. Of Higher Educ.,* 616 F.3d 963, 969 (9th Cir. 2010) (dismissing complaint because plaintiff "merely alleged in a conclusory fashion that the officers 'knew or should have known'" of the violation); *Buckley v. Cty. of San Mateo*, 2017 WL 3394747, at *2 (N.D. Cal. Aug. 8, 2017) ("Supervisor defendants are entitled to qualified immunity where the allegations against them are simply 'bald' or 'conclusory' because such allegations do not 'plausibly' establish the supervisors' personal involvement in their subordinates' constitutional wrong." (citing *Iqbal*, 556 U.S. at 675-84)); *Sullivan v. Biter,* 2017 WL 1540256, at *1 (E.D. Cal. Apr. 28, 2017) ("Conclusory allegations that various prison officials knew or should have known about constitutional violations occurring against plaintiff simply because of their general supervisory role are insufficient to state a claim under 42 U.S.C. § 1983.").

The Court therefore finds that the complaint does not state cognizable claims against Defendants Allison, Clark, Fisher, and Shirley on the basis of supervisory liability.

**V.     CONCLUSION AND ORDER**

The Court recommends that this action be dismissed without granting Plaintiff further leave to amend. In the Court's prior screening order, the Court identified the deficiencies in Plaintiff's complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff with

7

an opportunity to amend his complaint. Plaintiff filed his First Amended Complaint with the benefit of the Court's screening order, but failed to cure the deficiencies identified in the screening order. Thus, it appears that further leave to amend would be futile.

Accordingly, Additionally, IT IS HEREBY ORDERED that the Clerk of Court is directed to assign a district judge to this case.

Additionally, the Court HEREBY RECOMMENDS that:

1. This action be dismissed for failure to state a claim; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **September 24, 2021**             /s/ Erica P. Grosjean
                                                                      UNITED STATES MAGISTRATE JUDGE